Martin vs. Atkinson.

| 64 | 493 |
|----|-----|
| 84 | 211 |

MARTIN, Appellant, vs. ATKINSON, Respondent.

*November 3 — December 1, 1885.*

*(1) Appeal from J. P.: Waiver of defects in complaint. (2) Pleading: Contract.*

1. Though no objection to the sufficiency of a written complaint was made in the justice's court, yet that question may be raised on appeal by a demurrer *ore tenus*.
2. In an action for a breach of contract the complaint must contain an allegation that a contract, stating its substance, was made, or a clear statement of facts upon which a contract can be predicated.

APPEAL from the County Court of *Fond du Lac* County. The action was commenced in justice's court. A trial by jury resulted in a verdict and judgment for the plaintiff, and the defendant appealed to the county court. In the latter court the defendant objected to the introduction of any evidence under the complaint on the ground that it did not state a cause of action. The court sustained the objection and directed a verdict for the defendant. From the judgment entered on such verdict the plaintiff appealed.

The complaint was as follows:

" The complaint alleges that on or about September 8, 1884, the defendant bought of plaintiff twenty-four fat cattle at Fond du Lac Township, and which were at the time of the sale and delivery about four miles south of the city of Fond du Lac in a pasture. That said cattle were bought to be shipped on the N. W. R'y from here north, and had to be driven through the city from south to north, to the R. R. cattle pens in what is called lower-town. That well knowing that cattle would shrink in weight by being driven from the pasture to town, plaintiff gave the defendant twenty-five pounds shrinkage on each creature if he would weigh them in the usual and customary place and manner for cattle which were sold and approached the city from the south. That the usual and customary place for weighing cattle bought and brought in from the south of the city, was at Ray's scales in Fond du Lac, where all cattle were usually weighed under like circumstances, and where the defendant has usually weighed the cattle bought by him in that vicinity. That though there was nothing agreed upon as to the place of weighing, yet it was contemplated by plaintiff when he gave the shrinkage he did to the defendant, to have them weighed at Ray's, the usual and customary place of defendant's and of plaintiff's weighing the cattle driven into the city from the south. That this intent and contemplation of plaintiff was well known to the defendant, and that that was the custom as stated.

" That on driving the cattle into town and having reached Ray's scales, the plaintiff was about driving the first half or bunch of cattle so sold and delivered to defendant, on to the said Ray's scales, when to his surprise the defendant forcibly resisted, and drove them off, and insisted on their being weighed at the railroad cattle pens, a mile further distant, and refused to have them weighed at Ray's.

" That to so drive them would cause a still further shrink-

age of the cattle in weight, and as the day was exceedingly hot, every hour they were detained from the scales made a large shrinkage in the cattle. That defendant well knew all this, and knew what the intent and mind of the plaintiff was as to weighing at Ray's, and so knew that that entered into plaintiff's calculations when the sale was made, or had good reason to know it; but purposely and with intent to make all the shrinkage he could to said cattle, and to damage plaintiff and advance his own interests, he caused the cattle to remain hot, thirsty, worried, and to be driven on the highway from the center of the city to its northern part, a distance of about a mile or over, and so shrunk up each creature twenty-five pounds over the twenty-five pounds which he deducted under the agreement, to the great damage of the plaintiff, to wit, in the sum of twenty-six dollars, and for which he claims damage."

*D. Babcock*, for the appellant, to the point that when a party appears, answers, and goes to trial, in justice's court he waives his objection to the insufficiency of the complaint, cited *Smith v. Whitney*, 22 Wis. 438; 2 Wait's L. & P. 324.

*Geo. P. Knowles*, for the respondent.

TAYLOR, J. In the county court, upon the case being ready for trial, and a witness having been called on the part of the plaintiff, the defendant objected to any evidence being introduced, on the ground that the complaint did not state facts constituting a cause of action. The county court sustained the motion, and, no offer having been made to amend the complaint, the court directed a verdict for the defendant, and judgment was entered thereon in favor of the defendant, and the plaintiff appeals to this court.

Though this action was commenced in a justice's court, the plaintiff's complaint was in writing, and therefore subject to the objection that it did not state facts constituting a cause of action. And although the courts will, in order

to sustain the complaint, give its allegations a liberal construction, yet where, after giving it such liberal construction, there is no cause of action stated, the objection must prevail; and, unless the plaintiff asks leave to amend, the objection is fatal to his maintenance of his action.

In the case at bar we think the learned county judge was right in his ruling. There can be no doubt but that the cause of action intended to be set out in the complaint was an action for a breach of contract in not weighing the cattle at the South hay scales, in the city of Fond du Lac, and weighing them at the North scales, a mile or more distant, and that, by so doing, the defendant lessened the weight of the cattle several hundred pounds, and that he deducted the twenty-five pounds agreed to be deducted by the plaintiff from such lessened weight, instead of from the greater weight, had they been weighed at the South scales. The difficulty with the complaint is that it does not allege any contract entered into between the parties that the cattle should be weighed at the South scales in order to fix the weight from which the deduction was to be made, nor is there a statement of facts from which such contract can be inferred.

It seems to us very clear that in an action for a breach of contract there must be an allegation that a contract, stating its substance, was made between the parties, or else there must be a clear statement of facts upon which a contract can be predicated. This complaint fails in both these respects.

*By the Court.*— The judgment of the county court is affirmed.