TRICKLE, Appellant, vs. SNYDER, Trustee, Respondent.

*February 5—March 5, 1935.*

For the appellant there were briefs by *Dunwiddie & Thurber* of Monroe, attorneys, and *Sam Levitin* of Madison of counsel, and oral argument by *Mr. Levitin.*

For the respondent there was a brief by *Kopp & Brunck-horst,* and oral argument by *A. W. Kopp* and *MacArthur McKichan,* all of Platteville.

FOWLER, J.   The action is to enforce a lien for $1,000 charged upon land by will.   The complaint alleges facts as follows : William Laughbaugh by his will duly admitted to probate devised land to his widow for life, with remainder to his four daughters, subject to a charge upon the land of $1,000 to be paid at the widow's death to the plaintiff, one of his said daughters.   The widow died in 1921.   The county court by final order dated September 5, 1915, assigned the land according to the will.   A copy of this order was filed in the register of deeds office on September 8, 1915.   The four daughters accepted the devise of the remainder.   In 1922 one of the four conveyed her interest to one of her sister cotenants, who shortly thereafter mortgaged her one-half interest to the defendant, Snyder, who purchased the premises on September 9, 1932, at sheriff's sale on fore-closure of the mortgage and received the sheriff's. deed thereof.   "At various times between 1923 and 1931 the *several* parties having an interest in said property, including said Alice Estella Isely [one of the four sisters who is still a co-owner of the land and a codefendant], made various pay-ments to the plaintiff upon said legacy and lien."   There is now "owing to the plaintiff upon said legacy and lien the sum of $1,000 and interest from May 8, 1921, at six per cent less the payments made as aforesaid."   The action was begun September 18, 1933.   Melvin Olson is joined as a de-fendant with the two defendants above named on the ground that he claims a lien on the land subsequent to the lien of plaintiff's legacy.   The prayer of the complaint is for sale of the land, for payment from the proceeds of the sale of the amount due the plaintiff with her costs, and return of the excess into court to abide its further order, and for such other or further relief as may be equitable.

The defendant, Snyder, interposed a demurrer to the complaint on the grounds that it does not state facts sufficient to constitute a cause of action, and that it appears upon the face thereof that the statutes of limitation have run against the action. The court sustained the demurrer, and the plaintiff appeals.

The ground of the demurrer that the complaint fails to state a cause of action is manifestly not well taken, except as it is involved in the special ground of demurrer that it appears from the face of the complaint that the action is barred by the statutes of limitation.

The respondent contends that the six-year statute of limitations applies, sec. 330.19 (3) which covers actions on any contract, obligation, or liability, express or implied, except those covered by the twenty or ten-year statute, because the devisees to whom the land was given subject to the charge of $1,000 became personally liable for the amount charged against the land by their acceptance of the land. This position is correct under the authorities as to recovery on personal liability, however it may be as to enforcement of the lien. The personal liability is based upon a promise to pay implied from acceptance of the land. 28 R. C. L. p. 307; note 30 L. R. A. (N. S.) 816; *Nolan v. First National Bank,* 161 Wis. 22, 152 N. W. 468; *Pym v. Pym,* 118 Wis. 662, 672, 96 N. W. 429; *Evans v. Foster,* 80 Wis. 509, 50 N. W. 410; *Brown v. Knapp,* 79 N. Y. 136, 143. However, there is an allegation in the complaint that "at various times between 1923 and 1931 the *several* parties having an interest in said property made various payments to the plaintiff upon said legacy and lien," and plaintiff's sister cotenant is expressly included as having made such payments. While it does not definitely appear at what times these various payments were made, we consider that it is a fair inference from this statement that payments were made as late as 1930. If so, the personal liability of the devisees making such payments in 1930 or at any time within six years from com-

mencement of the action still exists, as the statute of limitation began to run against any such payor at the time of her last payment. Under the familiar rule that pleadings should be liberally construed in favor of the pleader, we hold that the complaint does not show that the statute of limitation has run against an action by the plaintiff to recover the unpaid portion of the legacy from such of the devisees as have made any payment thereon within six years from its commencement.

This leaves for consideration whether the complaint shows that an action to enforce the lien of the legacy is barred by the statute as against the respondent. Upon general principles we consider that it does not so show. Payment on a mortgage debt by a mortgagor tolls the statute of limitation as against his grantee in an action to foreclose the mortgage. 17 R. C. L. p. 942, § 306; *Heyer v. Pruyn,* 7 Paige (N. Y.), 465, 34 Am. Dec. 355; *Hughes v. Edwards,* 9 Wheat. 489, 6 L. Ed. 142; *Kaiser v. Idleman,* 57 Or. 224, 108 Pac. 193. Payment of interest on a mortgage debt keeps the mortgage alive as well as the debt, and keeps the mortgage alive for the statutory period beyond that time. 17 R. C. L. p. 934, § 297; *Clark v. Grant,* 26 Okl. 398, 109 Pac. 234; *Hughes v. Thomas,* 131 Wis. 315, 111 N. W. 474. With like reason, payment of principal has like effect. This is stated as the general rule in a note in 41 A. L. R. 822, and cases from numerous jurisdictions are cited in its support. This rule was applied in *Spear v. Evans,* 51 Wis. 42, 8 N. W. 20, to a case of an equitable mortgage based upon the fact that A advanced money to B to purchase and improve land and took title in his own name as security. In an action to enforce a vendor's lien, the statute is tolled as against the grantee of the vendee where the time of payment is extended by agreement between vendor and vendee. The statute begins to run against an action to enforce the lien at the time to which the payment is extended. 66 C. J. p. 1273, § 1181

(7); *Truebody v. Jacobson*, 2 Cal. 269; *Dalton v. Rainey*, 75 Tex. 516, 13 S. W. 34; *Chattanooga Foundry & Pipe Works v. Hembree*, 117 Ala. 295, 23 S. E. 38. Upon like reason, payment by any of the plaintiff's sister cotenants has tolled the statute for enforcement of the lien as against the respondent. It has been expressly held that payment by a vendee on a note secured by a vendor's lien extends the period of limitation for foreclosure of the lien, not only as between the vendor and vendee, but as against a subsequent purchaser of the land. *Cook v. Union Trust Co.* 106 Ky. 803, 51 S. W. 600. No reason is perceived why the rule applicable to mortgage liens and vendors' liens should not be applied to enforce the lien of a legacy charged upon land by will. Under that rule, as long as the personal obligation to pay the legacy, implied by acceptance of the land by the devisee, is kept alive by payments by the devisee, the lien may be enforced against a purchaser of the land. We are therefore of opinion that the plaintiff's lien may be enforced against the respondent if the personal obligation of any devisee to pay her legacy has been kept alive by payments thereon.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded with directions to overrule the demurrer to the complaint and for further proceedings.