Local 1111 of the United Electrical, Radio & Machine Workers of America and others, Respondents, vs. Allen-Bradley Company, Appellant.

*October 11—November 15, 1949.*

614

For the appellant there was a brief by *Lines, Spooner & Quarles,* and oral argument by *John G. Kamps,* all of Milwaukee.

*Daniel D. Sobel* of Milwaukee, for the respondents.

HUGHES, J.    Appellant contends that the circuit court for Milwaukee county does not have jurisdiction of the subject matter of this action, and that the complaint does not state facts sufficient to constitute a cause of action.

It is claimed by appellant that the complaint does not allege that Rose Giaimo is covered by the contract, since it is alleged that the contract covered only production and maintenance workers of the company and that Rose Giaimo is an employee of appellant, and not that she is a production and maintenance employee.

The complaint alleges that she is a member of the union. If she were not a production or maintenance worker, it is probable that she would not belong to this union. The facts alleged permit of a reasonable inference that the ultimate fact exists. Matters which may be fairly inferred from the facts alleged may be regarded as sufficiently pleaded as against a demurrer. *Bitzke v. Folger* (1939), 231 Wis. 513, 518, 286 N. W. 36. In addition, the nature of her work is well known to the company, and if she were not covered by the provisions of the contract, it is probable that the company would not have treated the grievance under the contract to the extent that it did. Likewise, if she is not an employee subject to the contract, appellant can assert that as an affirmative defense to the complaint.

Appellant's second objection to the sufficiency of the complaint is that it does not allege that Rose Giaimo furnished a doctor's certificate with her application for a leave, or that extensions of the leave were granted upon showing of a doctor's certificate, or in the alternative, that the leave of absence was for less than six months.

The complaint alleges the application for re-employment and that the appellant "failed and refused to grant such re-employment; that a grievance under the terms of said agreement on account thereof was processed by the union and the said defendant company" up to arbitration and refusal of the company to arbitrate.

If there is a claimed violation of the respondent Rose Giaimo's rights to re-employment, then the company has the duty to arbitrate. Under the terms of the contract the arbitra-

tor must examine the facts and determine whether she is entitled to re-employment and, of necessity, whether she complied with conditions precedent.

The important question presented is whether the courts have jurisdiction to aid either party to a contract under the circumstances which here exist.

Counsel for appellant cite the rule that a court of equity will not invoke its jurisdiction where the plaintiff has an adequate legal remedy.

What is the legal remedy of the respondent Giaimo? The appellant contends that it is an action at law for damages. On the other hand, the union contends that because of the contract her remedy is limited to arbitration.

This presents the gist of the question upon this appeal. While the respondents allege that they have no adequate remedy at law, they do ask the court for a declaratory judgment, which is a form of legal action.

Where it appears that any cause of action is stated by the complaint, a demurrer thereto should be overruled.

". . . this court has uniformly held that it is no longer necessary in pleading a cause of action for equitable relief to show that adequate legal remedies do not exist. If a cause of action for legal relief is stated, a general demurrer must be overruled even though no cause of action for equitable relief is stated." *State ex rel. Dame v. LeFevre* (1947), 251 Wis. 146, 148, 28 N. W. (2d) 349.

The complaint certainly states a cause of action for declaratory relief. If upon the trial the respondents establish a right to judgment declaring the contract in force and requiring the appellant to submit to arbitration, it is to be presumed that the appellant will comply with the judgment. If, after the judgment, it violates the contract by refusing to arbitrate, the union will have the right to treat the contract as breached and to consider itself relieved from the obligation to refrain from striking.

Whether the respondents would be entitled to a further remedy in a court of equity need not now be considered.

*By the Court.*—Order affirmed.