PENGRA BROTHERS, INC., Respondent, vs. PETER NELSON & SONS, INC., Appellant.

*February 7—March 7, 1950.*

For the appellant there was a brief by *Lees & Bunge,* and oral argument by *Charles N. Goerdt,* all of La Crosse.

For the respondent there was a brief by *V. Downing Edwards,* and oral argument by *Roger W. Hafner,* both of La Crosse.

HUGHES, J. The complaint alleges:

The corporate existence of plaintiff and that it is engaged in distribution of trucks and trucking equipment;

That defendant is a Wisconsin corporation engaged in the general construction business;

That on the 8th day of December, 1947, defendant entered into an oral contract with plaintiff under which contract defendant undertook to construct the footings, piers, foundation, and wall of a garage building in accordance with certain plans and specifications and also in accordance with the rules and regulations of the industrial commission of the state of Wisconsin;

That defendant performed the contract but that it left out reinforcing steel and failed to make the foundation walls as thick as the specifications required, and that it constructed the rear wall in a crooked manner;

That plaintiff had to have the walls and footings reconstructed to comply with the requirements of the commission, at a cost to it of $706.88;

"That the plaintiff has performed all his obligations under the contract as hereinbefore alleged."

The only defect in the complaint raised by the demurrer is failure to properly allege consideration.

Counsel for appellant cites a number of cases which follow the rule as stated in *Martin v. Atkinson* (1885), 64 Wis. 493, 496, 25 N. W. 655:

". . . in an action for a breach of contract there must be an allegation that a contract, stating its substance, was made between the parties, or else there must be a clear statement of facts upon which a contract can be predicated."

Among the cases upon which appellant relies is *Machesky v. Milwaukee* (1934), 214 Wis. 411, 253 N. W. 169, where

it was held an alleged agreement was unenforceable because it failed to state a purchase price.

It is difficult to understand why the plaintiff did not set forth the amount of the consideration and payment of that amount by it. However, in examination of the sufficiency of the complaint upon demurrer, the plaintiff is entitled to all reasonable inferences which can be drawn from the facts pleaded. *Local 1111 v. Allen-Bradley Co.* (1949), 255 Wis. 613, 39 N. W. (2d) 740; *Bitzke v. Folger* (1939), 231 Wis. 513, 286 N. W. 36.

The allegation that a contract was entered into is indeed a legal conclusion. However, the performance of work ordinarily performed by a party to a contract is alleged, together with the statement that plaintiff performed its obligations under the contract.

If this complaint were the basis for seeking to enforce an executory contract, it would probably be insufficient. But since it is alleged that the defendant performed the work called for by the contract, although faultily, it is more reasonable to infer that there was a satisfactory consideration which passed from the plaintiff to the defendant, than that the defendant performed gratuitously.

We are of the opinion that the trial court correctly overruled the demurrer.

*By the Court.*—Order affirmed.