Jezo, Respondent, v. Jezo, Appellant.

*January 9—February 5, 1963.*

For the appellant there were briefs by *Wickham, Borgelt, Skogstad & Powell,* and oral argument by *Reuben W. Peterson, Jr.,* all of Milwaukee.

For the respondent there was a brief by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *Victor M. Harding* of counsel, all of Milwaukee, and oral argument by *Victor M. Harding.*

GORDON, J. The first order from which the defendant has appealed is the order of the court dated July 2, 1962, which permitted the plaintiff to amend his complaint to assert an action for property division. Such an order is not appealable. Sec. 274.33, Stats. *State Department of Public Welfare v. LeMere* (1962), 17 Wis. (2d) 240, 116 N. W. (2d) 173. Upon the plaintiff's motion to review that portion of the first order which fixed attorneys' fees, we similarly conclude that such order is not appealable since it does not determine the action and prevent a judgment from which an appeal might be taken. The remainder of this opinion will consider the merits of the appeal from the second order of the court, dated July 30, 1962, which order overruled the defendant's demurrer to the second cause of action in the second amended complaint.

The statutes do not give a court which hears divorce matters cognizance over property division which is unrelated to the granting of a divorce or separation. This court has held that one spouse who has obtained a divorce without having personal jurisdiction over the other spouse may subsequently, upon obtaining such jurisdiction, bring an action for alimony. *Eule v. Eule* (1960), 9 Wis. (2d) 115, 119, 100 N. W. (2d) 554; *Pollock v. Pollock* (1956), 273 Wis. 233, 253, 77 N. W. (2d) 485. In this limited sense, a court which

hears divorce matters has the right to entertain an independent property action between spouses.

The Family Code as amended by the legislature in 1959 added to the actions "affecting marriage" one for "property division." The respondent urges that we determine that the amendment of secs. 247.03 and 247.055, Stats., pursuant to ch. 690, Laws of 1959, authorizes a court with divorce jurisdiction to entertain actions for property division wholly independent of either a previous or contemporaneous granting of a divorce or legal separation. Our study of this enactment persuades us that the legislature did not intend to authorize independent actions for property division under the Family Code but, on the contrary, was simply codifying Wisconsin case law which had authorized a court handling divorce matters to divide property where there had been a prior or concurrent decree of divorce or legal separation. If the legislature had intended so significant a change as the respondent urges, we believe that the history of the legislation would have reflected some clue of such intention. The legislative history is devoid of any support for the respondent's position, and we hold that the portion of the legislation in question was designed only to restate existing law.

While the family court was not entitled to entertain the second amended complaint under ch. 247, Stats., it does not follow that it had no jurisdiction to do so as a circuit court. The circuit court is a court of general jurisdiction and can hear and determine actions for partition of real or personal property; it can also resolve disputes as to the title of real estate. *Read v. Madison* (1916), 162 Wis. 94, 97, 155 N. W. 954. In *State v. Fischer* (1921), 175 Wis. 69, 72, 184 N. W. 774, we stated the following:

"The circuit court, therefore, is a court with general jurisdiction to hear all matters, civil and criminal, within this state, and no portion of its constitutional or statutory juris-

diction can be deemed to have been taken away from it by the legislature excepting only by some unmistakable legislative language to that effect."

The plaintiff is entitled to all the reasonable inferences which can be drawn from the facts pleaded. *Conrad v. Evans* (1955), 269 Wis. 387, 390, 69 N. W. (2d) 478; *Pengra Brothers v. Peter Nelson & Sons* (1950), 256 Wis. 454, 456, 41 N. W. (2d) 631. A complaint must be liberally construed in favor of the pleader. *Trickle v. Snyder* (1935), 217 Wis. 447, 450, 259 N. W. 264; *Weber v. Naas* (1933), 212 Wis. 537, 543, 250 N. W. 436.

The second count in the second amended complaint states a cause of action within the jurisdiction of the circuit court. Paragraph 11 avers that, "The title to such property was placed in joint name for purposes of convenience and was not intended to transfer actual ownership." The circuit court may, under this pleading or such revision thereof as it may order, determine the ownership interest of the parties to such property.

Paragraphs 11, 12, and 13 may reasonably be interpreted as an application for partition of the property described in paragraphs 8 and 9. The circuit court has jurisdiction to resolve such issue under this pleading or under such revision thereof as the circuit court may order.

Those portions of the second amended complaint which purport to bring the action within the jurisdiction of a divorce court may be disregarded as surplusage. The determination of the issues relating to the property of the parties to this action is to be made by the circuit court on the basis of those legal and equitable principles which would govern the rights to property between strangers. The fact that the litigants are husband and wife and the fact that this branch of circuit court is also a family court should not play a role in the resolution of the contentions presented by the second cause of action in the second amended complaint.

*By the Court.*—The appeal from the order to amend the complaint is dismissed; the order overruling the demurrer is affirmed.