JOLLIFFE and another, Respondents, v. VILLAGE OF EAST TROY, Appellant.

*September 4—October 1, 1963.*

654

For the appellant there was a brief by *Kenney, Korf & Pfeil* of East Troy, and oral argument by *Francis J. Korf*.

For the respondents there was a brief and oral argument by *John J. Byrnes* of Elkhorn.

BROWN, C. J. The demurrer admits the material facts alleged in the complaint. It appears, then, that this fire occurred before July 15, 1962, the effective date of the decision of *Holytz v. Milwaukee* (1962), 17 Wis. (2d) 26, 115 N. W (2d) 618, whereby the immunity of municipalities to liability for the negligent acts of its employees was abolished.

While the village cannot be held to respond in damages for the negligent acts of its agents and employees committed before the *Holytz Case,* that case has no effect upon the liability of a municipality for nuisance. Before *Holytz* the law imposes liability upon a municipality which causes damage resulting from its maintenance of a nuisance but the municipality will escape liability if the nuisance arose in the course of the performance of a governmental function and at the time of the incident causing the damage the municipality and the injured party bore to each other the relationship of governor and governed. *Thompson v. Eau Claire* (1955), 269 Wis. 76, 80, 69 N. W. (2d) 239.

"Enough has been said, we think, to demonstrate that Wisconsin municipalities avoid liability for damage caused by their negligence in carrying out governmental functions where they have not created a nuisance in fact, and even where such a nuisance has been created, liability is not imposed if the relationship of governor and governed exists

between the municipality and the injured party." *Flamingo v. Waukesha* (1952), 262 Wis. 219, 224, 55 N. W. (2d) 24.

The maintenance by a city of a dump for the disposal of unwanted material is a governmental function. *Flamingo v. Waukesha, supra,* page 221. The same is true when the dump is maintained by a village, as in the present case.

In *Thompson v. Eau Claire, supra,* the evidence established the fact that the city employees maintained the dump in such a way that flaming material blown by the wind repeatedly escaped from the dump and set fire to plaintiff's property. This court held that there was ample evidence to support the finding that the city maintained a nuisance. In the instant case allegations of the complaint are:

"5. That in recent years the prevailing winds in the vicinity hereinabove mentioned have come generally from the west, northwest and southwest; that on several occasions in recent years persons using said dump, and agents of the village, have through their negligent acts or omissions caused or permitted burning embers to be carried by said winds from said dump to plaintiff Jolliffe's adjoining fields, causing extensive grass fires, damaging plaintiff Jolliffe's lawn, shrubs, and trees, causing said plaintiff great work and worry, and requiring assistance by the Village Fire Department to extinguish; that these fires were reported by plaintiff Jolliffe to village officials."

The allegations of the complaint must, on demurrer, be taken as admitted. Plaintiffs' complaint, then, shows that the village was performing a governmental function and that doing so in the manner described in the complaint the village knowingly created and maintained a nuisance causing damage to the plaintiffs. However, defendant will still avoid liability if at the time when the fire escaped from defendant's dump and consumed Jolliffe's property the relationship of the village to him was that of governor and governed.

In *Thompson v. Eau Claire, supra,* the plaintiff was not a resident of the city and the damaged property lay outside the city limits. Defendant contends that these facts distinguish *Thompson* from the case at bar and determine that the relationship of governor-governed existed at the time of the fire. We do not agree. While we concede that a municipal dump is presumably beneficial to the residents of the village there is not, without more, any ground to suppose that Jolliffe used the dump's facilities, much less that he was employing them at or about the time of the fire.

Presently we have a situation like that of *Robb v. Milwaukee* (1942), 241 Wis. 432, 6 N. W. (2d) 222. There plaintiff, walking along the public sidewalk, was struck by a ball batted out of a municipal playground. While the maintenance of the playground is a governmental function, it cannot be presumed that all members of the public are currently using or enjoying the facility although presumably the exercise of the governmental function confers some benefit upon every resident. In the *Robb Case* the court reviewed the cases dealing with nuisance committed by municipalities and questions of whether such municipalities were acting in a governmental capacity toward a plaintiff at the time when such plaintiff incurred injury. The court concluded that balls hit occasionally over the playground fence created a nuisance and although maintaining the playground was a governmental activity of the city it was not acting in a governmental capacity toward the plaintiff when she was injured. Accordingly, the city had to respond in damages for her injury.

In *Hoene v. Milwaukee* (1962), 17 Wis. (2d) 209, 116 N. W. (2d) 112, relied on by the village now, the regular use by *Hoene* of the highway about which he complains created a governor-to-governed relationship. The present pleaded facts do not indicate the Jolliffe was making use of

the village's facility or enjoying the benefit of it at the time of the injury.

We consider that in principle the *Robb Case* is like the case at bar in respect to the relationship between the plaintiff Jolliffe and the defendant (that of adjoining proprietors) and in the nuisance aspect the present case is similar to *Thompson v. Eau Claire, supra.* Accordingly, we conclude that the complaint states a cause of action for nuisance and the order overruling the demurrer to it should be affirmed.

*By the Court.*—Order affirmed.