COXE and wife, Respondents, v. MID-AMERICA RANCH & RECREATION CORPORATION, Appellant: PRODUCTION CREDIT ASSOCIATION, Defendant.

*No. 30. Argued October 28, 1968.—Decided November 26, 1968.*
(Also reported in 162 N. W. 2d 581.)

594

For the appellant there was a brief by *John G. Barsness,* attorney, and *Roger G. Schnitzler* of counsel, both of Madison, and oral argument by *Mr. Schnitzler.*

For the respondents there was a brief by *Roberts, Boardman, Suhr & Curry,* and oral argument by *Thomas J. Sobota,* all of Madison.

HANLEY, J. The following issues are raised on this appeal:

(1) Was the failure to carry proper insurance immaterial to the land contract as a matter of law;

(2) Does the trial court have the discretion to refuse strict foreclosure on a land contract when the alleged breach of the contract is immaterial; and

(3) Is the continuance of a vendee's default for sixty days a condition precedent to the vendor's remedy of strict foreclosure?

The first two issues are raised by the appellant and the last issue is presented by the respondents.

*Immateriality of Insurance.*

Mid-America agrees that a vendor has a right to rescind for nonperformance of a contract where there has been a material breach, but suggests that not every breach of contract is material. Thus the appellant would have this court hold that this vendee has substantially

complied with the contract, that the vendor has not been injured by reason of any breach, and that the failure to carry insurance as required by the contract was immaterial as a matter of law.

The problem with the appellant's contention is that this is an appeal from an order overruling a demurrer.

". . . It is an established rule of pleading in this state . . . that in an attack by general demurrer, if a complaint states any cause of action, the demurrer must be overruled." *Singer v. Singer* (1944), 245 Wis. 191, 196, 14 N. W. 2d 43.

"The plaintiff is entitled to all the reasonable inferences which can be drawn from the facts pleaded. . . . A complaint must be liberally construed in favor of the pleader. . . ." *Jezo v. Jezo* (1963), 19 Wis. 2d 78, 82, 119 N. W. 2d 471.

"The demurrer admits the material facts alleged in the complaint. . . ." *Jolliffe v. East Troy* (1963), 20 Wis. 2d 653, 655, 123 N. W. 2d 567.

This complaint alleges the existence of a contract, a copy of which is made a part of the complaint. The contract specifically states that:

"The Purchaser covenants and agrees . . .
". . .
"2. To keep said premises insured for fire and extended coverage for at least the sum of $48,000.00 . . . ."

The complaint states further that the insurance was not kept in effect and that the property remained uninsured from February 20, 1967, except for $12,000 of insurance obtained by the plaintiffs. Under the terms of the contract, this default, if it existed for sixty days, made the entire amount of principal and interest due immediately.

Unless this court is willing to hold as a matter of law, from the face of this complaint, that the failure to obtain insurance was immaterial to the contract, a good cause of action for strict foreclosure has been alleged.

Whether or not a provision in a given contract is material to the contract would ordinarily be a question of fact. Each case would turn on its own particular circumstances. However, the limited information which is available to the court on a demurrer makes such a factual ruling impossible in most instances. The facts of this case correspond to the theoretical situation. It could conceivably be true that the failure of the vendee to carry the insurance was not a substantial breach of the land contract. Without receiving further information, however, no court could properly rule on the question.[3]

### Discretion as to Strict Foreclosure.

Since there is no way to determine at this point in the case whether or not the insurance provision was material to the contract, we need not determine whether the trial judge may refuse to order strict foreclosure when the alleged breach of the contract is not substantial. We prefer to determine that issue in a case where there has been a complete factual determination at the trial court level.

### Default Must Exist for Sixty Days.

The respondents argue that the continuance of a default for sixty days is not a condition precedent to an action for strict foreclosure of the land contract. A portion of the applicable provision was set out previously in this opinion. In order to more fully appreciate the respondents' argument, however, the whole provision follows:

---

[3] It seems that a proper decision on the materiality of the insurance would depend upon the value of the improvements on the land, the amount still due on the contract, the importance placed on the provision by the contracting parties, etc.

"The Purchaser hereby covenants and agrees that time shall be deemed to be of the essence of this contract and in case of default in the payment of any principal or interest when the same shall become due, or in the performance of any of the conditions, covenants, or promises by the Purchaser herein to be kept or performed, and such default shall continue for a period of sixty (60) days, then the Vendor may, at his option, declare the contract at an end, all rights of the Purchaser under this agreement cancelled, and the amounts paid by the Purchaser hereunder forfeited, the same to remain the Vendor's property as rental of said premises and as liquidated damages for the failure completely to fulfill this agreement; and the Vendor shall forthwith and without notice have the right of re-entry; or, at the option of the Vendor and without notice to the Purchaser, notice being hereby expressly waived, the whole amount of unpaid principal shall be deemed to have become due and payable; in case such option shall be exercised, the unpaid principal and interest together with all sums which may be or have been paid by the Vendor as herein authorized with interest on such disbursements at the rate aforesaid shall be collectible in a suit at law, or by foreclosure of this contract in the same manner as if the whole of said unpaid principal had been due at the time when any such default occurred, and the indebtedness shall embrace, with said unpaid principal and interest, all the sums so disbursed with interest as aforesaid."

The respondents argue that the quoted provision does not discuss the vendor's remedy of strict foreclosure and conclude that the sixty-day provision is only applicable to the specific remedies discussed in the contractual provision. However, respondents concede that the vendor in the land contract has a strict foreclosure remedy upon the buyer's default.

This court discussed the remedy of strict foreclosure in *Kallenbach v. Lake Publications, Inc.* (1966), 30 Wis. 2d 647, 652, 142 N. W. 2d 212:

". . . the Wisconsin cases and writers generally explain strict foreclosure as a rescission, voiding or ending or 'calling off' of the contract by the vendor. . . . New

real-estate form 36 uses the terminology that the vendor can declare 'the contract at an end' when a default occurs. . . ."

Clearly, it is the position of this court that real-estate form 36 does contemplate a strict foreclosure in the following language:

". . . then the Vendor may, at his option, declare the contract at an end, all rights of the Purchaser under this agreement cancelled, and the amounts paid by the Purchaser hereunder forfeited . . . ."

This is an exact explanation of what occurs when the vendor elects strict foreclosure as his remedy. However, a vendee's rights are forfeited subject to the court of equity's approval.

We conclude that the trial court was correct in holding that the continuance of a default for sixty days was a condition precedent to the commencement of an action for strict foreclosure.

*By the Court.*—Order affirmed.