BANK OF RIVER FALLS, Respondent, vs. GERMAN AMERICAN INSURANCE COMPANY, Appellant.

*October 12 — November 8, 1888.*

INSURANCE AGAINST FIRE: PLEADING. *(1) Consideration: Payment of premium. (2) Cause of fire. (3) Conditions precedent: Receipt of proofs of loss. (4, 5) Assignment of claim: Statute of frauds.*

1. A complaint alleging that the defendant, for a valuable consideration, entered into a contract of insurance, is sufficient, on demurrer, without alleging that any premium was paid or agreed to be paid.
2. It is sufficient to allege the destruction by fire of property insured, without alleging that the fire resulted from accident or misfortune and not through any fraud or evil practice on the part of the assured, especially where the complaint does not show that the contract of insurance contained any such exception, warranty, or condition.
3. A complaint alleging that, by a contract of insurance, the amount of any loss was to be paid after proof of loss had been made by the assured and received by the defendant, and that the assured had "fully complied with all the conditions of said contract, and rendered to the defendant a particular account and proof of said loss, as required by said contract," sufficiently shows that proofs of loss were received by the defendant.
4. An allegation that the assured "duly sold, assigned, and transferred" to the plaintiff all his claim and demand against the defendant, accruing to him by virtue of said contract on account of said loss, and that the plaintiff ever since has been and now is the owner of said claim and demand, sufficiently shows a delivery to and acceptance by the plaintiff, within subd. 2, sec. 2308, R. S.
5. An allegation that an assignment was made will be held, on demurrer, to imply a valid assignment.

APPEAL from the Circuit Court for *Pierce* County.

Action upon a contract by the terms of which the defendant insured the plaintiff's assignor, one Frank Rossell, against loss or damage to his hotel building by fire, to the amount of $1,800, for the term of one year from September 10, 1886. The allegations of the complaint are sufficiently stated in the opinion. The defendant demurred thereto on

the ground, among others, that it did not state facts sufficient to constitute a cause of action; and appealed from an order overruling the demurrer.

The cause was submitted for the appellant on the brief of *R. H. Start,* and for the respondent on that of *Smith & Vannatta.*

CASSODAY, J.   1. It is claimed that the complaint fails to show that any premium was ever paid or agreed to be paid for the policy, and hence that there is no sufficient consideration alleged to support the contract.   It is alleged "that on said day the defendant, for a valuable consideration, entered into a contract of insurance with the said Rossell, by the terms of which contract said defendant insured said Rossell for the term of one year from said date, against loss or damage to said property by fire, to the amount of $1,800."   From this it appears that the contract alleged was based upon "a valuable consideration."   This would seem to be enough to support the undertaking to insure.   It is said that it expresses "a mere opinion of the pleader, and is not a statement of the facts."   But we think it does allege, as a fact, that the consideration for the contract was valuable.   Whether the allegation is too general, or not sufficiently definite and certain, cannot be raised on demurrer, but only by motion.   Sec. 2683, R. S.

2. It is alleged "that on or about September 7, 1887, the hotel building above described was totally destroyed by fire."   It is said that this is insufficient by reason of the failure to allege "that the fire was the result of accident or misfortune, and not through any fraud or evil practice on the part of the assured."   The law does not seem to require the negation of such conditions subsequent.   *Redman v. Ætna Ins. Co.* 49 Wis. 431.   Besides, there is nothing in the complaint indicating that the contract of insurance contained any such exception, warranty, or condition.   It

simply alleges an absolute undertaking to insure. Upon this demurrer we are not at liberty to assume that the contract is different than alleged because such contracts usually contain numerous exceptions, warranties, and conditions. The question of variance is not here involved. There is certainly no good reason for alleging such negatives in a complaint upon such absolute undertaking to insure.

3. It said that there is an absence of any allegation that any proofs of loss were ever received by the defendant. The allegations of the complaint in this regard are that "it was further agreed by said parties, by said contract of insurance, that the amount of any loss or damage by fire to the property insured should be paid by defendant sixty days after due notice and proof of loss had been made by said Rossell and received by the defendant; and plaintiff further shows that after the destruction of said building by fire, and more than sixty days prior to the commencement of this action, the said Rossell *fully complied with all the conditions of said contract, and rendered to said defendant a particular account and proof of said loss, as required by said contract.*" This would seem to be sufficient. In pleading the performance of conditions precedent in a contract, it is not necessary to state the facts showing such performance, but only to state generally that the party duly performed all the conditions on his part. Sec. 2674, R. S.; *Schobacher v. Germantown F. M. Ins. Co.* 59 Wis. 89; *Reif v. Paige,* 55 Wis. 502; *Boardman v. Westchester F. Ins. Co.* 54 Wis. 365.

4. It is said that the complaint is insufficient in failing to allege that the assignment by Rossell of his claim for the loss under the contract of insurance to the plaintiff, the next day after the fire, was in writing, and hence not within the statute of frauds. Sec. 2308, R. S. True, this section declares, in effect, that "every contract for the sale of any . . . things in action, for the price of fifty dollars or

more, shall be void, unless" (1) it be in writing; "or (2) unless the buyer shall accept and receive part . . . of such things in action; or (3) unless the buyer shall, at the time, pay some part of the purchase money." The allegations of the complaint are: "That on or about the 8th day of September, A. D. 1887, the said Frank Rossell, for a valuable consideration, *duly sold, assigned, and transferred to this plaintiff* all his claim and demand against the said insurance company, defendant, accruing to him by virtue of the said contract on account of said loss; *and the plaintiff ever since has been and now is the owner* of said claim and demand." Whether the words, "for a valuable consideration," here used, are sufficient to indicate the payment of the consideration "at the time" of the assignment, within the meaning of the last clause of the section quoted, we deem it unnecessary here to determine; for we are clearly of the opinion that the words "duly sold, assigned, and transferred to this plaintiff," with what follows, in effect allege that the contract of insurance, with the amount due thereon, was on the day named delivered to and accepted by the plaintiff as buyer, under the second subdivision of that section. A parol "contract for the sale . . . of such things in action," accompanied by a delivery to and acceptance by such buyer, takes the case out of the operation of the section, and is binding upon the parties. *Amson v. Dreher*, 35 Wis. 615; *Mason v. H. Whitbeck Co.* 35 Wis. 164; *McKnight v. Dunlop*, 5 N. Y. 537, 55 Am. Dec. 370, and cases cited in the notes.

5. Besides, in pleading an assignment required to be in writing, it is sufficient to aver that such assignment was made, as this will be held on demurrer to imply a valid assignment under the statutes. *Robbins v. Deverill*, 20 Wis 142.

*By the Court.*— The order of the circuit court is affirmed.