Rowe and another, Respondents, vs. Moon, imp., Appellant.

*October 23—November 11, 1902.*

*Contract benefiting third person: Enforcement: Undertaking on appeal: Sureties: Taking assignment of judgment: Estoppel.*

1. To enable a third person, who is privy neither to the contract nor the consideration, to enforce performance of a promise from which benefit would accrue to him, the promisor must have intended to benefit him and there must be some duty or obligation to him to carry out the promise.

2. On an appeal by H. from an order, R. and I. gave an undertaking that if said order should be affirmed H. would pay a judgment theretofore rendered against M.', H., and G. as partners. The order was affirmed, and R. and I. paid the judgment, taking an assignment thereof, and proceeded to enforce it by a levy upon property of M. *Held,* that M. could not prevent such enforcement, the undertaking not having been given for his benefit and creating no duty to save him from his obligation to pay the judgment.

3. The sureties, R. and J., were not estopped in such case from taking an assignment of the judgment, it appearing that, as between H. and M., the latter was bound in equity to pay the judgment.

APPEAL from an order of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

In December, 1884, Bentley S. Phillips obtained a judgment against the defendants, as partners, upon a promissory note. In 1899 an execution was issued, and the property of the defendant Hunner was levied upon. Thereupon said defendant obtained an order to show cause why the judgment should not be satisfied and the plaintiff enjoined from collecting it. The court declined to determine the matter upon affidavits, and granted an order of reference. The referee found against the defendant, and upon confirmation of the report the defendant took an appeal to this court. Upon such appeal the respondents *Rowe* and *Johnson* gave an undertaking for costs on behalf of said defendant, and also un-

dertook "that, if said order appealed from be affirmed, the said appellant will pay the judgment heretofore entered in said action." The order was affirmed. 112 Wis. 249, 87 N. W. 1084. Upon return of the record, the sureties on the undertaking paid the amount due thereon, and took an assignment thereof. They caused execution to be issued and levied upon the property of the defendant *Moon.* Thereupon said defendant obtained an order to show cause, based upon the affidavit of Mr. Doolittle, his attorney, and upon all the records·in the case, why the judgment should not be satisfied and respondents restrained from pursuing their execution levy. In his affidavit, Mr. Doolittle stated that he was informed and believed that, as between the defendants *Moon* and Hunner, the latter ought in equity to pay the judgment. The matter was heard by the court upon all the papers and records in the case, including the bill of exceptions settled upon Hunner's appeal, and the testimony of Hunner and *Moon* therein contained. After due consideration,.the court discharged the order to show cause, and denied the relief demanded. *Moon* duly excepted to the ruling, and brings the matter to this court for review by appeal.

*L. A. Doolittle,* for the appellant, contended, *inter alia,* that the attempt by *Rowe* and *Johnson* to buy the judgment should have been treated, on this motion, as a payment thereof. Judgments are preserved for the benefit of sureties; but they were never sureties as to *Moon.* They were sureties as to Hunner and may enforce the judgment as against him, but as against *Moon* they are estopped, having voluntarily, upon a sufficient consideration from Hunner, agreed to pay a debt which was presumptively both Hunner's and *Moon's.* Sheldon, Subrogation, §§ 240–247; *March v. Barnet,* 121 Cal. 419, 53 Pac. 933. The obligations of *Rowe* and *Johnson* in respect to the judgment were fixed when they signed the undertaking. They could not escape such obligations by taking an assignment instead of a satisfaction of the judgment.

There being no contract relation between them and *Moon,* they must work out such rights as they have through their principal, Hunner. And even he, having paid the amount of the judgment to the judgment creditor, could not by taking an assignment put himself in position to enforce a moiety of the judgment, much less the entire judgment, against the defendant *Moon* without any action to determine as between the two what proportion of the judgment, if any, the defendant *Moon* ought to pay. *Bartlett v. McRae,* 4 Ala. 688; *Hogan v. Reynolds,* 21 Ala. 56, 56 Am. Dec. 236; *LePage v. Mc-Crea,* 1 Wend. 164, 19 Am. Dec. 469; *Booth v. Farmers' & M. Bank,* 74 N. Y. 228, 11 Hun, 258; *Hinlon v. Odenheimer,* 4 Jones, Eq. 406; *Dana v. Conant,* 30 Vt. 246; *Hardy v. Norfolk Mfg. Co.* 80 Va. 404; *Conrad v. Buck,* 21 W. Va. 396.

For the respondents there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.* They argued, among other things, that respondents, on paying the judgment, were entitled to be subrogated to Phillips's rights. The right to subrogation is not limited to transactions in which there is a privity of contract, is not founded on contract, but is founded on equity, and is enforced for the protection of persons who, by paying the debts of others, should in good conscience be substituted to the place of the original creditor. *Heuser v. Sharman,* 89 Iowa, 355, 48 Am. St. Rep. 390; *Liles v. Rogers,* 113 N. C. 197, 37 Am. St. Rep. 627, and note p. 631; *Johnson v. Barrett,* 117 Ind. 551, 10 Am. St. Rep. 83; *Emmert v. Thompson,* 49 Minn. 386. Good conscience requires *Moon* to pay the entire debt, not only as between him and the sureties, but also as between him and Hunner. The circuit court so decided. See, also, *Levy v. Martin,* 48 Wis. 198; *Stewarl v. Stewart,* 90 Wis. 516; *Allen v. C. & N. W. R. Co.* 94 Wis. 93; *Sims v. Mutual F. Ins. Co.* 101 Wis. 586; Pingrey, Suretyship, sec. 165; *Carter v. Jones,* 5 Ired. Eq. 196, 49 Am. Dec. 425; *Bank of Montpelier v. Dixon,* 4 Vt.

587;; *Hayes v. Ward,* 4 Johns. Ch. 123; *German Am. S. Bank v. Fritz,* 68 Wis. 390; *Frank v. Fraylor,* 16 L. R. A. 115.

BARDEEN, J. The appellants first contend that when the respondents entered into the undertaking that Hunner would pay the judgment against Hunner, *Moon,* and Gilman they made a contract beneficial to him, and which he can now enforce under the line of cases mentioned in *New York L. Ins. Co. v. Hamlin,* 100 Wis. 17, 75 N. W. 421. It is not to be denied that if the respondents had paid and satisfied the judgment in question, in accordance with the terms of their undertaking, it would have worked consequentially a benefit to *Moon.* "But it is not every promise made by one to another, from the performance of which a benefit may ensue to a third, which gives a right of action to such third person, he being neither privy to the contract nor to the consideration. The contract must be made for his benefit *as its object,* and he must be the party intended to be benefited." *Simson v. Brown,* 68 N. Y. 355; *Constable v. Steamship Co.* 154 U. S. 51, 14 Sup. Ct. 1062. The principle above announced by the New York courts was further limited in *Vrooman v. Turner,* 69 N. Y. 280, in which it was said that, to give a third party who may derive a benefit from the performance of a promise an action, there must be: first, an intent by the promisor to secure some benefit to the third party; and, second, some privity between the two, the promisor and the party to be benefited, and some obligation or duty owing from the promisor to the latter, which would give him a legal or equitable claim to the benefit of the promise. This may be drawing the line a little closer than has ever been done in this state, but, whatever the rule may be, it is quite certain that, to enable the third party to enforce such contract, there must have been an intent on the part of the promisor to benefit him, and some duty or obligation to carry out such promise.

Neither the purpose nor the obligation can be found in this case. The benefit to *Moon* was merely incidental and consequential. The contract raised no duty or obligation to save him from his duty and obligation to pay the judgment.

Neither did the situation estop the sureties from taking an assignment of the judgment. See *German Am. S. Bank v. Fritz,* 68 Wis. 390, 32 N. W. 123. Hunner claimed that, as between himself and *Moon,* the latter was bound in equity and good conscience to pay the judgment. The evidence contained in the bill of exceptions on Hunner's appeal, and upon which appellants' motion was in part founded, shows that when the firm of Hunner, Gilman & Co. was dissolved *Moon* received all the firm assets, and agreed to pay all the firm debts. One of the grounds for relief set out in the affidavit of appellants' counsel was that Hunner ought to pay the judgment as against *Moon.* The court undoubtedly determined this question upon the testimony presented in the record. There seems to be ample to support the conclusion reached.

*By the Court.*—The order is affirmed.