STATE DEPARTMENT OF PUBLIC WELFARE, Respondent, vs. SCHMIDT and another, Appellants.

*September 15—October 11, 1949.*

For the appellants there was a brief by *Winter & Koehler* of Shawano, and oral argument by *P. J. Winter*.

*Blaine M. Linke* of Madison, for the respondent.

FRITZ, J.   On this appeal it suffices to note, in addition to the matters stated above, the following: On September 8, 1941, the county court of Shawano county found and adjudged that Pauline Schmidt was mentally incompetent, and duly committed her to the Winnebago State Hospital.   She remained there until she recovered and was released on July 16, 1943.   On February 4, 1941, she owned an interest in a farm and personal property, which she conveyed to defendants in consideration of their execution of a bond which was conditioned for her support, maintenance, and care, and was secured by mortgage on said property executed by defendants as the parties of the first part.   The provision, as to their obligation under the bond, reads:

"It is, therefore, agreed, that the said parties of the first part will support and maintain their mother, Pauline Schmidt, in such a manner as is required of dutiful sons toward their mother.   That they will provide her with the necessary support and maintenance and provide for her in the event of sickness and proper nursing and medical care and attention, and provide ways and means of conveyance to enable her to visit her friends and relatives at reasonable times, and attend church, or such other places that she may desire; and that

in case of her death provide her with a decent, respectable Christian burial and suitable monument to be erected in her memory."

Under this provision in the bond the plaintiff seeks to recover from the defendants an unpaid balance of $628.05 owing to plaintiff for the cost, care, and maintenance of Pauline Schmidt while at the Winnebago State Hospital.

Defendants denied in their answer any obligation or liability to the plaintiff under said provisions of the bond, and defendants alleged that Pauline Schmidt agreed to convey her interest in said farm on condition that she keep her home and it should remain her home and refuge in her declining years; that it was not within the contemplation of the parties that the defendants be committed to extraordinary and unusual burdens and expenses, such as expenses for treatment and maintenance of an inmate in an insane asylum, and that care in case of sickness was intended to be such care as is ordinarily furnished and provided and that in her home; and that said provisions in the bond are personal to Pauline Schmidt, and she is now receiving her care and maintenance on said farm, and to enforce plaintiff's claim against her sons jeopardizes her own security for care, maintenance, funeral expenses, etc.; and that she is not claiming any breach of the bond, nor has she elected to re-enter as and for condition broken. Therefore defendants contend that under the bond plaintiff has no cause of action directly against them.

Defendants' contentions must be sustained. Their obligations under said provisions in the bond are solely to Pauline Schmidt to provide her with the necessary support and maintenance, and nursing and proper medical care and attention in the event of sickness and to otherwise do for her benefit the other matters prescribed in the bond. There is no provision therein to create on the part of defendants any obligation or to secure any benefit whatever to any third party.

Consequently, as the plaintiff is a stranger to the bond, there is not applicable in this case the rule that,—

". . . when one person, for a valuable consideration, engages with another, by simple contract, to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such engagement." *McDowell v. Laev,* 35 Wis. 171, 175; *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440; *Smith v. Pfluger,* 126 Wis. 253, 105 N. W. 476; *United States G. Co. v. Gleason,* 135 Wis. 539, 116 N. W. 238; *Yates v. Weinhardt,* 224 Wis. 496, 272 N. W. 347.

As the plaintiff is a stranger to the contract made between defendants and their mother for her benefit solely, without any promise to pay or otherwise perform any obligation to or for the benefit of any other party than their mother, plaintiff is not entitled to recover judgment herein against defendants upon the theory of some merely implied promise. To entitle such a stranger to the contract to recover there must be and exist an express promise to that effect, either by simple contract or a covenant under seal. *Electric Appliance Co. v. United States Fidelity & Guaranty Co.* 110 Wis. 434, 439, 85 N. W. 648. As the court then stated,—

"The surety's engagement in the bond was to pay to the city, and not to third parties. There are cases going to the limit of holding that, to entitle the third person to recover upon a contract made between other parties, there must not only be an intent to secure some benefit to such third person, but the contract must have been entered into directly and primarily for his benefit. *Parker v. Jeffery,* 26 Or. 186. An exhaustive note on the general subject may be found in 25 L. R. A. 257 (*Jefferson v. Asch*). We consider the true rule to be that there must not only be an intent to secure some benefit to the third party, but there must be a promise, legally enforceable. The contract and bond in this case fail to meet these requirements. The situation presented shows a want of any intent to secure a benefit to third parties."

The rule and conclusions thus stated were approved and applied in *Yawkey-Crowley L. Co. v. De Longe,* 157 Wis. 390, 395, 147 N. W. 334; and as they are likewise applicable in the case at bar, the judgment must be reversed.

*By the Court.*—Judgment reversed and cause remanded with directions to dismiss the complaint.