GREGORY III and wife, Respondents, v. MADISON MOBILE HOMES PARK, INC., Appellant.

*May 1—June 2, 1964.*

For the appellant there was a brief and oral argument by *Vernon Molbreak* of Madison.

For the respondents there was a brief by *Barbee & Jacobson* of Milwaukee, and oral argument by *Lloyd A. Barbee* and *Thomas M. Jacobson*.

A brief *amicus curiae* was filed by *Irvin B. Charne, Ben Chernov,* and *H. A. Kovenock,* all of Milwaukee, for the Milwaukee Jewish Council.

DIETERICH, J. The trial court stated that the sole issue on the demurrer was whether a trailer park is a "public place of accommodation" within the meaning of sec. 942.04, Stats. That section provides in part as follows:

"DENIAL OF RIGHTS. (1) Whoever does any of the following may be fined not more than $200 or imprisoned not more than 6 months or both:

"(a) Denies to another or charges another a higher price than the regular rate for the full and equal enjoyment of any public place of accommodation or amusement because of his race, color, creed, national origin or ancestry; or . . .

"(2) A public place of accommodation or amusement includes inns, restaurants, taverns, barber shops and public conveyances.

"(3) The person aggrieved may recover damages of not less than $25 and costs in a civil action."

The trial court in a written memorandum decision concluded that since the record on demurrer contained no information as to the characteristics and incidents of trailer parks in general, and Madison Mobile Homes Park in particular, the matter could not be disposed of summarily on demurrer.

The general rule is that a complaint, when attacked by demurrer, should be liberally construed and sustained if it expressly, or by reasonable inference, states any cause of action. *Rogers v. Oconomowoc* (1962), 16 Wis. (2d) 621, 632, 115 N. W. (2d) 635.

Sec. 942.04, Stats., has been on the books in essentially its present form since before the turn of the century, and despite its longevity, the section has been before this court on only two occasions—and neither case is determinative upon the questions raised in the instant action.[1]

The appellant contends that in order for a mobile-home park to be classed as a place of public accommodation, it must be determined that it is similar and of like kind to inns, restaurants, taverns, barbershops, and public conveyances (the facilities specifically named in the statute). Appellant argues at length as to the dissimilarity between a trailer park and the facilities enumerated in the statute, citing cases dealing with apartment buildings, hotels, disposition and rental of private real estate, etc. Suffice it to say that these cases—which are all from other states, and not necessarily binding on this court—indicate that hotels and motels are places of public accommodation under the statute, whereas an apartment building is not. However, the record on the demurrer is completely barren as to any evidence of the nature, characteristics, and incidents of operation of a trailer park.

The only issue before this court is whether or not the complaint states any cause of action. This court is strictly confined to the four corners of the complaint on a demurrer. The subject matter of the instant action is far too vital to be summarily disposed of by demurrer upon inadequate information contained in the record on demurrer. *State v. Texaco* (1961), 14 Wis. (2d) 625, 632, 111 N. W. (2d) 918. Therefore, under our liberal rules of pleading as defined

---

[1] *Bryan v. Adler* (1897), 97 Wis. 124, 72 N. W. 368, held that the proprietor of a public restaurant was liable in damages when one of his employees refused to serve the plaintiff because of his race. *Jones v. Broadway Roller Rink Co.* (1908), 136 Wis. 595, 118 N. W. 170, imposed liability under the statute as it then existed upon the proprietor of a roller rink.

in *Rogers v. Oconomowoc, supra,* it is clear that the plaintiffs' complaint is sufficient to state a cause of action. The order of the circuit court overruling the defendant's demurrer is affirmed.

*By the Court.*—Order affirmed.