WINNEBAGO HOMES, INC., Plaintiff and Appellant, v. SHELDON and wife, Defendants: ADVANCE MORTGAGE CORPORATION, Garnishee Defendant and Respondent.
WINNEBAGO HOMES, INC., Plaintiff and Appellant, v. ADVANCE MORTGAGE CORPORATION, Defendant and Respondent: SHELDON and wife, Defendants.

*January 10—February 1, 1966.*

694

696

For the appellant there was a brief by *Camp & Camp* of Wauwatosa, and oral argument by *Mark M. Camp*.

For the respondent there was a brief by *Hersh & Magidson*, attorneys, and *Harry Lensky* and *Robert L. Hersh* of counsel, all of Milwaukee, and oral argument by *Arthur B. Magidson*.

GORDON, J. This appeal presents a dispute between a builder and a lender. The Sheldons, for whom the builder agreed to construct a house and to whom the lender agreed to supply funds, have not participated in the appeal. The Sheldons have gone through bankruptcy, and in the wake thereof are the two disputants now before this court.

We must determine whether the trial court was correct in denying recovery to the builder. Winnebago Homes advances three principal arguments in support of its claim that Advance Mortgage should be required to pay the unpaid balance owed for the construction. First, Winnebago Homes claims that it is a third-party beneficiary of the contractual arrangement entered into between Advance Mortgage and the Sheldons.

As a second contention, Winnebago Homes argues that it is entitled to payment upon the theory of promissory estoppel which arose by reason of Advance Mortgage's representation that payment would be made upon completion of the construction.

Finally, it is contended that the garnishment action which Winnebago Homes commenced against Advance Mortgage, with the Sheldons as principal defendants, entitled Winnebago Homes to the amount which remained unpaid by Advance Mortgage to the Sheldons.

### *Winnebago Homes as a Third-Party Beneficiary.*

The trial court rejected the theory that the note and mortgage were executed for the benefit of Winnebago Homes, and we share that conclusion.

The trial court was correct, in our opinion, in relying upon *State Department of Public Welfare v. Schmidt* (1949), 255 Wis. 452, 455, 39 N. W. (2d) 392, where it was pointed out that "to entitle the third person to recover upon a contract made between other parties, there must not only be an intent to secure some benefit to such third person, but the contract must have been entered into directly and primarily for his benefit."

There was no promise, either express or implied, that Advance Mortgage was to pay the amount of the loan to Winnebago Homes even if the Sheldons were in default or even if FHA insurance was never issued. The lender's commitment to supply the money to the Sheldons was circumscribed with numerous conditions. In order to entitle a stranger to a contract to recover thereon, the contract must indicate an intention to secure some benefit to such third party. *Rowe v. Moon* (1902), 115 Wis. 566, 569, 92 N. W. 263; *Electric Appliance Co. v. United States Fidelity & Guaranty Co.* (1901), 110 Wis. 434, 439, 85 N. W. 648.

Our examination of the relevant instruments persuades us that there was no contract wherein Advance Mortgage agreed to do anything for the benefit of Winnebago Homes. While the latter may have indirectly benefited from the agreement, such benefit was only incidental to the agreement between the mortgagor and the mort-

gagee. However, even if an express promise to pay Winnebago Homes could be spelled out of these instruments, we see no reason why it would not be subject to the same conditions that existed between the principals to the agreement. Thus, if Advance Mortgage did not have to pay the moneys to the Sheldons because FHA insurance was not obtained, this condition should preclude any responsibility by Advance Mortgage to Winnebago Homes. In *Watkins v. Watkins* (1933), 210 Wis. 606, 612, 245 N. W. 695, this court stated:

"It has been repeatedly held by this court, however, that when a right has been created by contract, the third party claiming the benefit of the contract takes the right subject to all the terms and conditions of the contract creating the right."

*Promissory Estoppel.*

Winnebago Homes urges that the lender induced it to complete the construction contract by promising final payment upon completion. According to the plaintiff, this promise was made when the builder requested further payments from the lender. In response to this request, it is claimed that the lender directed that the building be completed and that upon completion the balance would be paid.

This court has recognized that a cause of action may arise under circumstances covered by Restatement, 1 Contracts, p. 110, sec. 90. This section provides:

"A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

See *Hoffman v. Red Owl Stores, Inc.* (1965), 26 Wis. (2d) 683, 696, 133 N. W. (2d) 267.

The respondent points out that the theory of estoppel was not pleaded and therefore may not be raised by the builder. This contention is supported by *National Farmers Union Property & Casualty Co. v. Maca* (1965), 26 Wis. (2d) 399, 408, 132 N. W. (2d) 517, *Mack Trucks, Inc., v. Sunde* (1963), 19 Wis. (2d) 129, 139, 119 N. W. (2d) 321, and *Megal v. Kohlhardt* (1960), 11 Wis. (2d) 70, 82, 103 N. W. (2d) 892.

While we think that this prevents the plaintiff from successfully relying upon the theory of promissory estoppel, we are also of the opinion that this contention would fail on its merits. This is because the so-called promise on the part of the lender may not fairly be construed to constitute an unqualified promise to pay upon completion. We believe it is clear that the payment by Advance Mortgage was necessarily conditioned both upon the Sheldons' authorizing it and also the lender's obtaining FHA insurance on the loan. The latter point distinguishes this case from *Anglo-American Asso. v. Campbell* (1898), 13 App. D. C. 581, 43 L. R. A. 622, which case is relied upon by the appellant. In the *Anglo-American Case,* at page 602, the court specifically concluded that there were no contractual conditions which would justify the lender's withholding of a portion of the allotted funds.

The construction company either knew or should have known that the disbursement of the funds by the lender was conditioned upon the FHA's insuring this loan. We think it unrealistic to hold, as the appellant proposes, that Advance Mortgage estopped itself from refusing to make payment to the builder even though FHA insurance was not ultimately procured. This is particularly true since the failure to obtain FHA insurance was not through the action or inaction of the lender.

### *The Effect of Garnishment.*

By commencing the garnishment action against the Sheldons as principal defendants and against Advance

Mortgage as garnishee defendant, it is claimed by the appellant that it obtained an equitable lien on the funds which were allocated by the lender for this loan.

We do not believe that the builder can lift itself up by its bootstraps so as to succeed on the merits by reason of any collateral proceedings in garnishment.

The flaws in the plaintiff's case which preclude its recovery against Advance Mortgage remain operative notwithstanding the garnishment proceedings. Sec. 267.18 (4), Stats., holds in substance that one is not liable as garnishee by reason of anything owing upon a contingency. The record in this case establishes that any obligation which Advance Mortgage had to the Sheldons was contingent upon the procurement of FHA insurance. The Sheldons themselves could not have forced Advance Mortgage to pay over the allocated funds without fulfilling the FHA requirements; thus, the plaintiff could not require this act to be done. *Grant County Service Bureau v. Treweek* (1963), 19 Wis. (2d) 548, 554, 120 N. W. (2d) 634.

*By the Court.*—Judgment affirmed.