PETERS, Respondent, v. PETERS AUTO SALES, INC., Appellant.

*November 30—December 22, 1967.*

348

For the appellant there was a brief by *Stupar & Enich* of Milwaukee, and oral argument by *Steve Enich*.

For the respondent there was a brief by *Seher & Seher* of Milwaukee, and oral argument by *Ralph A. Seher*.

HALLOWS, J. The issue is simply whether the complaint states facts sufficient to constitute a cause of action. In deciding this question the pleading is entitled to a liberal construction and to all the reasonable inferences which can be drawn from the facts pleaded. Sec. 263.27, Stats.; *Libowitz v. Lake Nursing Home, Inc.* (1967), 35 Wis. 2d 74, 150 N. W. 2d 439, 151 N. W. 2d 680; *Gregory III v. Madison Mobile Homes Park* (1964), 24 Wis. 2d 275, 128 N. W. 2d 462; *Christenson & Arndt, Inc., v. Wisconsin Telephone Co.* (1953), 264 Wis. 238, 58 N. W. 2d 682. The briefs contain facts not alleged in the complaint. We must disregard such facts because on demurrer we are restricted to those facts alleged in the complaint. The additional facts stated by the defendant should be pleaded in an answer; they are extraneous on a demurrer.

The complaint alleges the plaintiff was a resident of Milwaukee; the defendant is a corporation located in West Allis, Wisconsin; that she received a copy of the minutes of the board of directors' meeting of October 18, 1956, of the defendant company; that these minutes contained the following resolution, which was unanimously adopted:

"Resolve: Whereas, the one life insurance policy carried by Massachusetts Mutual Life Insurance Company, Policy Number 2040722, in the amount of $20,000.00, on the life of Felix Peters, and naming Peters Auto Sales Incorporated as beneficiary, shall be assigned as follows:

"In the event of the death of the insured, the proceeds shall be payable as ½ or $10,000 in one sum to the insured's wife, Agnes Peters, if living, otherwise equally divided to her children, Kenneth, Dolores & Eileen Peters."

The complaint next alleges that Felix Peters was the husband of the plaintiff; that he was a stockholder, officer and director of the corporation and died on June 6, 1966; and that a demand for the money was made by the plaintiff and payment refused by the defendant.

These allegations of the complaint do not expressly state a cause of action grounded either upon a gift or upon a contract. The trial court was of the opinion the resolution constituted a contract and since Felix Peters was a stockholder, officer and director, it could be reasonably inferred that he was present at the meeting and assented to the action taken, and that there existed a valid purpose and consideration for adopting the resolution. We think, however, that even under a liberal construction such inferences are not reasonable and cannot be drawn.

In an action based upon contract the complaint must allege the essential and ultimate facts constituting consideration. This has long been the law in Wisconsin. *Stevens v. Brooks* (1868), 22 Wis. 663; *Bank of River Falls v. German American Ins. Co.* (1888), 72 Wis. 535, 40 N. W. 506; *Machesky v. Milwaukee* (1934), 214 Wis. 411, 253 N. W. 169. The rule has been followed more recently in *Goetz v. State Farm Mut. Automobile Ins. Co.* (1966), 31 Wis. 2d 267, 142 N. W. 2d 804, in which this court stated, relying on 1 Williston, *Contracts*, p. 5, sec. 1A, that while no specific words are necessary to create an actionable promise it must reasonably appear by a fair interpretation of the words of the promisor that he agreed

to do the acts in question for the consideration claimed. In the present case the resolution without equivocation provides that the insurance policy shall be assigned so that in the event of the death of Felix Peters one half of the proceeds shall be payable to the plaintiff, if living. However, the complaint does not state the consideration for the promise or whether the resolution is the contract, merely evidence of a contract, the result of a contract, or the preliminary steps to a contract.

While a corporation has the power to enter into a contract evidenced by a resolution, *Methodist Episcopal Church of Sun Prairie v. Sherman* (1874), 36 Wis. 404; 19 C. J. S., *Corporations*, p. 707, sec. 1137; 7 Fletcher, Cyclopedia Corporations, p. 66, sec. 3001, we cannot interpret the complaint as raising an inference that this resolution constituted an offer to the plaintiff's husband which was accepted by him so as to result in a contract. We think more must be alleged in the complaint. Even if the complaint alleged "a contract was entered into," this alone would not be sufficient as it is only a legal conclusion and not a fact. *Pengra Bros., Inc., v. Peter Nelson & Sons, Inc.* (1950), 256 Wis. 454, 41 N. W. 2d 631. In 41 Am. Jur., *Pleading*, p. 358, sec. 97, it is stated, "If the plaintiff undertakes to allege the consideration by setting out the terms of the contract, an averment merely of a unilateral undertaking, without alleging the plaintiff's agreement which constituted the consideration, is insufficient." There is no allegation that the contract or resolution was under seal so as to import consideration.

Likewise, the allegations of the complaint are not sufficient to allege a cause of action based upon a gift. A party seeking to establish or enforce a gift must allege and prove all the essential elements of a completed gift. 38 C. J. S., *Gifts*, p. 852, sec. 64. These essential elements include: (1) Intention to give, (2) delivery, (3) end of dominion by donor, (4) creation of dominion in donee. *Madison Trust Co. v. Skogstrom* (1936), 222 Wis. 585, 269 N. W. 249; *Estate of Detjen* (1967), 34 Wis. 2d 46,

148 N. W. 2d 745. When these rules are applied to a gift of intangibles, the allegations in the instant complaint are insufficient at least in respect to delivery, *i.e.,* the assignment.

It is argued this is a third-party beneficiary action. In *Winnebago Homes, Inc., v. Sheldon* (1966), 29 Wis. 2d 692, 699, 139 N. W. 2d 606, we stated that before a third party could recover upon a contract made between other parties for his benefit there had to be an intent to benefit him as a third person and the contract had to have been entered into directly and primarily for his benefit. Thus a third party cannot recover upon the contract unless the contract indicates an intention to secure some benefit to him. *See State Department of Public Welfare v. Schmidt* (1949), 255 Wis. 452, 39 N. W. 2d 392; *Rowe v. Moon* (1902), 115 Wis. 566, 92 N. W. 263; *Electric Appliance Co. v. United States Fidelity & Guaranty Co.* (1901), 110 Wis. 434, 85 N. W. 648. This theory is of no help to the plaintiff because before any question of her rights as a third-party beneficiary can arise the agreement of which she is the beneficiary must be properly alleged. 2 Williston, *Contracts,* p. 796, sec. 347. The allegation in the complaint that the plaintiff received a copy of the corporate resolution is not sufficient because while the resolution designated her as a third-party beneficiary, it did not supply the consideration. The complaint still contains the fatal defect of the absence of any allegation of consideration for the promise sought to be enforced.

The plaintiff argues the proper remedy is a motion to make more definite and certain. But this supposes the complaint states a cause of action. Such a motion is not the remedy to require the plaintiff to plead facts sufficient to state a cause of action but to get more details of a cause of action properly pleaded.

We think the trial court was right in not considering the defense of the statute of limitations. If this defense is to be raised upon demurrer, the basis must appear on the face of the complaint and the ground must be ex-

pressly stated in the demurrer which was not done in this case. Sec. 263.06, Stats. Besides, only on the defendant's theory that a breach occurred on October 18, 1956, the date of the resolution, can it be said the time defect appears on the face of the pleading. We think this theory is erroneous because if we assume the resolution constituted a contract, it was not breached until the death of Felix Peters and a demand for the money made and refused. The assignment of the proceeds was but a mechanical way of providing for the payment of one half of the proceeds of the policy. To secure the same result, the plaintiff might have been designated a beneficiary in the policy. Since no breach is alleged in the complaint until the refusal to pay, no basis appears on the face of the complaint for the application of the statute of limitations; and the trial court was correct in not considering its applicability.

*By the Court.*—The order is reversed, with leave to the plaintiff to file an amended complaint within twenty days of the date of the remittitur.