**Robert P. GAMAGE, Jr., Executor of the Estate of Ruby L. Gamage, Appellant,**

v.

**LIBERTY NATIONAL BANK AND TRUST COMPANY of Louisville and Isaac Payne Gamage, Appellees.**

Court of Appeals of Kentucky.

Jan. 18, 1980.

Discretionary Review Denied
May 29, 1980.

Eli J. George, Jr., PSC, Louisville, for appellant.

Joseph J. Kaplan, William A. Miller, Jr., Louisville, for appellee, Liberty National Bank & Trust Co.

Jan C. Morris, Louisville, for appellee, Isaac Payne Gamage and Richard D. Shapero, guardian ad litem.

Before COOPER, HOWERTON and REYNOLDS, JJ.

HOWERTON, Judge.

Robert Gamage appeals from an adverse summary judgment in the Jefferson Circuit Court. The issue presented is whether a living revocable trust agreement allowing for revocation only upon written notice to the trustee may be revoked by will providing in part, "I dissolve the living trust . . .." The trial court concluded that the will did not revoke the trust, and we agree.

In September 1977, Ruby Lee Gamage executed a trust agreement wherein her grandson, Isaac Payne Gamage, was the beneficiary. In June 1978, Mrs. Gamage executed a holographic will wherein she attempted to leave all of her property to her son, Robert P. Gamage, Jr., the executor of the estate and appellant in this case. The will was executed approximately one hour prior to her death and during non-banking hours. No separate written notice was provided by Mrs. Gamage which might have been given to or forwarded to some official of the appellee bank and trustee.

If a trust agreement provides a specific method for revocation, that method must be strictly adhered to in order for the revocation to be effective. *Downs v. Security Trust Co.*, 175 Ky. 789, 194 S.W. 1041 (1917). This appears to be the current general rule. 76 Am.Jur.2d *Trusts* § 78 (1975) at 327.

It is also a general rule that if a trust agreement reserves the power to revoke the trust by giving notice to the trustee in a specified form or manner, the trustor may exercise that power only during his lifetime, and the power cannot be exercised through a will. 76 Am.Jur.2d *Trusts* § 79 (1975) at 328. *See also*, Annot., 18 A.L.R.2d 1010 (1951) at 1014, § 5, wherein it provides:

As a general rule, if the trust instrument reserves power to the trustor to revoke the trust by giving notice to the trustee in a specified form or manner, the trustor can exercise that power only during his lifetime and in the manner prescribed. He cannot exercise it by will.

Some trusts provide for revocation by a will, while other trusts reserve the power to revoke during the trustor's lifetime. A will, however, is not effective until

after one's death. *Underhill v. United States Trust Co.*, 227 Ky. 444, 13 S.W.2d 502 (1929).

The judgment of the trial court is affirmed.

All concur.