IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 12, 2002 Session

**JACKIE L. WRIGHT AND KIMBERLY A. GREEN,
CO-EXECUTORS OF THE ESTATE OF CAGER M. CASEY, DECEASED
v. AZALEA RAINS, ET AL.**

**Appeal from the Probate Court for Loudon County**
No. 2361    William H. Russell, Judge

**FILED FEBRUARY 7, 2003**

**No. E2002-01107-COA-R3-CV**

Cager M. Casey ("Deceased") executed a revocable *inter vivos* trust agreement in July of 1992. The trust named a number of family members and friends as beneficiaries ("Appellees"). In January of 1999, Deceased executed a will. While this will does not specifically reference the trust, it does direct Deceased's PaineWebber stock be sold at his death and the proceeds given to Jackie L. Wright, Kimberly A. Green ("Appellants") and other members of the Wright family. Deceased owned no stock in PaineWebber. However, the trust was administered by UBS PaineWebber, Inc. ("PaineWebber"). Appellants submitted the 1999 will for probate and were granted letters testamentary. PaineWebber refused to turn over the trust investments absent court order. Appellants sued Appellees and PaineWebber. After trial, the Probate Court entered its judgment on November 29, 2001, holding the 1999 will did not alter the trust and the trust would, by its terms, distribute the trust assets to the trust beneficiaries. Appellants appeal the November 29, 2001 judgment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed;
Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Harvey L. Sproul and Robert A. Vest, Lenoir City, Tennessee, for the Appellants, Jackie L. Wright and Kimberly A. Green, Co-Executors of the Estate of Cager M. Casey, Deceased.

Jess D. Campbell, Knoxville, Tennessee, for the Appellees, Azalea Rains, et. al.

# OPINION

## Background

Deceased executed an *inter vivos* trust agreement in July of 1992. Deceased named a number of family members and friends as beneficiaries of the trust.[1] When the trust was executed, Deceased lived in a small house behind his niece's house in Kentucky. The trust document states it was delivered in the state of Kentucky[2] and by its terms calls for Kentucky law to "govern the validity, interpretation and administration [of the trust], notwithstanding the residence in another jurisdiction of the [Deceased] or of any beneficiary hereunder."

The trust agreement gave Deceased the power to "modify, alter, amend or revoke" the trust agreement "at any time during his lifetime" by delivering an instrument in writing to the trustee. Deceased was both the grantor and the trustee of the trust and remained trustee of the trust until his death.

The trust, which is administered by PaineWebber, consists of various stocks. At trial, exhibits were introduced indicating the net value of the trust assets were approximately $424,000 on August 31, 2001, and approximately $310,000 on September 28, 2001.

In July of 1998, Deceased went to visit with Appellants in Tennessee for a couple of weeks. Deceased and Appellant, Jackie L. Wright, had known one another since 1965 when they worked on the railroad together. Appellant, Jackie L. Wright, testified Deceased's niece called and asked if Deceased could stay with the Wright family in Tennessee for a couple of weeks. Appellant further testified that at the end of the two week period, Deceased asked to stay and live with Appellants. Deceased lived with Appellants for approximately 32 months, until his death in February of 2001.

During the time Deceased lived with Appellants, Jackie L. Wright established a joint checking account in his and Deceased's names. Mr. Wright testified his daughters filled out Deceased's checks and Deceased signed them.

In January of 1999, Deceased executed the will later submitted by Appellants for probate. This will directed his PaineWebber stock be sold at his death and the proceeds pass with the residue of his estate to Appellants and other members of the Wright family. The will, if valid, superceded an earlier will in which Deceased left the bulk of his estate to members of his own family, who also are named beneficiaries under the trust. Also in 1999, Deceased adopted Appellant, Jackie L. Wright, as his son.

---

[1] Appellant, Jackie L. Wright, is named as one of the trust beneficiaries.

[2] The trust agreement was notarized in the state of Michigan.

-2-

After Deceased died, Appellants submitted the 1999 will for probate. The Probate Court entered an order of probate on February 5, 2001, issuing letters testamentary to Appellants. PaineWebber refused to turn the trust investments over to Appellants without a court order. Appellants sued PaineWebber and the numerous beneficiaries named in the trust.

PaineWebber answered the complaint and counterclaimed to be permitted to interplead the trust account assets. Death certificates were filed indicating three of the named beneficiaries of the trust had predeceased Deceased. Under the terms of the trust agreement, the trust property was to be divided in equal shares and distributed to the beneficiaries who survived Deceased. The remaining beneficiaries answered the complaint.

The case went to trial in October of 2001. The Probate Court entered its judgment on November 29, 2001, holding that while Deceased had the right to alter the trust, the 1999 will did not alter or modify the trust. The judgment held the trust agreement would operate by its terms and required distribution of the trust assets to the trust beneficiaries. The judgment directed PaineWebber to proceed with the distribution of the trust assets according to the terms of the trust agreement. Appellants appealed the judgment to this Court.

In February of 2002, Appellees filed a will contest in Circuit Court claiming both lack of testamentary capacity and undue influence in regard to the 1999 will. The will contest is currently pending and those issues are not involved in this appeal.

## Discussion

Although Appellants appear to raise three issues on appeal, all three of Appellants' issues can be simplified to be: whether Deceased's will dated January 27, 1999, has any effect upon the trust agreement entered into by Deceased on July 3, 1992.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

We must begin our analysis by determining whether Tennessee law, Kentucky law, or the law of some other jurisdiction should be applied to determine whether the 1999 will had any effect on the trust agreement. When the July 1992 trust agreement was executed, Deceased was a Kentucky resident. The trust agreement states it was delivered in Kentucky and "[t]he laws of the State of Kentucky shall govern the validity, interpretation and administration [of this agreement], notwithstanding the residence in another jurisdiction of the [Deceased] or of any beneficiary hereunder." The January 1999 will was executed in Tennessee. Deceased was living in Tennessee when the will was executed. Thus, we are dealing with a Kentucky trust and a Tennessee will.

"Tennessee will honor a choice of law clause if the state whose law is chosen bears a reasonable relation to the transaction and absent a violation of the forum state's public policy." *Bright v. Spaghetti Warehouse, Inc.*, No. 03A01-9708-CV-00377, 1998 Tenn. App. LEXIS 286, at *13 (Tenn. Ct. App. April 29, 1998), *no appl. perm. appeal filed*; *accord, e.g., Arcata Graphics Co. v. Heidelberg Harris, Inc.*, 874 S.W.2d 15, 27 (Tenn. Ct. App. 1993).

We find no reason not to apply the choice of law provision contained in the trust agreement. Deceased was a Kentucky resident when the trust agreement was executed. Therefore, Kentucky has a reasonable relation to the trust agreement. Further, we find no support for the position that applying Kentucky law to determine if Deceased's will affected his trust agreement would violate Tennessee's public policy. We, therefore, will uphold the choice of law provision in the trust agreement and apply Kentucky law to determine if the 1999 will affected the trust agreement.

Appellants argue Deceased followed the procedures for terminating the trust, as outlined in the trust agreement, during his lifetime. Appellants state the 1999 will qualifies as a written document executed by the Deceased. Further, Appellants argue the will, or written document revoking the trust, was delivered to the trustee because at all times Deceased was the trustee. Therefore, when Deceased executed the 1999 will, he also delivered it to himself satisfying the requirement of delivery to the trustee.

Unfortunately for Appellants, Kentucky law is clear and contrary to their position. Kentucky law is settled and provides that: "if a trust agreement reserves the power to revoke the trust by giving notice to the trustee in a specified form or manner, the trustor may exercise that power only during his lifetime, and the power cannot be exercised through a will." *Gamage v. Liberty Nat'l Bank & Trust Co.*, 598 S.W.2d 463, 464 (Ky. Ct. App. 1980). Deceased reserved the power to alter or revoke the trust during his lifetime. Under Kentucky law, the Deceased could exercise that power only during his lifetime and could not exercise that power through his will. Therefore, under Kentucky law Deceased did not exercise the power to alter or revoke the trust agreement during his lifetime.

Since Deceased could not exercise the power to alter or revoke the trust through his will, the Probate Court correctly held the 1999 will had no effect on the trust agreement. We affirm the Probate Court's judgment.

## Conclusion

The judgment of the Probate Court is affirmed, and this cause is remanded to the Probate Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellants, Jackie L. Wright and Kimberly A. Green, Co-Executors of the Estate of Cager M. Casey, Deceased, and their surety.

_____
D. MICHAEL SWINEY, JUDGE